Complainant avers he is the holder of certificate No. 3183 representing five shares of stock of the eighty-seventh series of the Colonial Building-Loan Association of Jersey City, issued in the name of his mother, Altha Parker, and prays that defendant be decreed to transfer said shares to him by means of the issue to him of a new certificate in lieu of the one above mentioned. The proofs show that on April 7th, 1924, the defendant issued the certificate aforesaid to Altha Parker; that on July 20th, 1925, she transferred said certificate by delivery thereof to the defendant with assignment thereof endorsed thereon in blank, as collateral security for a loan made to her by defendant; that subsequent loans were *Page 50 
made to her by defendant for which said certificate was held as collateral security; that her aggregate indebtedness to the defendant for loans aforesaid was $215; that said certificate remained in the possession of the defendant until April 20th, 1931, when complainant herein paid the aforesaid loans of said Altha Parker, whereupon said certificate was delivered by defendant to complainant; that Altha Parker died January 22d 1928; that on January 20th, 1928, two days before her death, complainant had her execute and deliver to him an instrument purporting to be an assignment of said certificate, and constituting and appointing him her lawful attorney to make and execute all necessary acts of assignment to effect a transfer of the shares of stock represented by said certificate; that the certificate of stock was not delivered to complainant by said Altha Parker; that after the death of said Altha Parker complainant continued to pay to the defendant monthly dues on the shares of stock represented by said certificate, aggregating in all the sum of $195; that on May 4th, 1931, complainant tendered said certificate which was endorsed in blank by Altha Parker to the defendant, together with the assignment and power of attorney aforesaid, and requested defendant to issue to him a certificate in lieu thereof, representing five shares of stock of said defendant; that the defendant refused to comply with complainant's request upon the ground that complainant was unauthorized to utilize the assignment and power of attorney aforesaid as evidencing a gift inter vivos of said certificate from his mother inasmuch as the certificate was not delivered to complainant therewith, and said certificate could be utilized in effecting a transfer of the shares represented thereby only by an administrator of the estate of said Altha Parker, who died intestate. The proofs disclose that after the death of complainant's mother he made a verified report upon her estate to the comptroller of the State of New Jersey, in which he stated that the aforesaid certificate of stock was part of his mother's estate. The signing and delivery by Altha Parker of the instrument purporting to be an assignment of the certificate aforesaid did not operate as a gift thereof inter *Page 51 vivos. It appears to me that the most that may be urged in behalf of complainant as to the instrument of January 20th, 1928, is that it was intended as a gift inter vivos but for lack of compliance with essential requisites of the law was inoperative as such. There is no proof whatever herein to indicate it was intended as a gift causa mortis. The requisites to establish a gift inter vivos are (1) a donative intent upon the part of the donor; (2) actual delivery of the subject-matter of the gift, at least to the extent practicable or possible considering the nature of the thing given; (3) a stripping of the donor of all ownership and dominion over the subject-matter of the gift, at least to the extent practicable or possible considering the nature of the thing given. Swayze v. Huntington, 82 N.J. Eq. 127
(at p. 133); affirmed, 83 N.J. Eq. 335; Besson v.Stevens, 94 N.J. Eq. 549 (at p. 556). Certificates of stock may be made the subject of a gift, but in order to effect a gift thereof, there must be delivery and intent to make a gift.12 R.C.L. 942. In the case sub judice actual delivery to complainant was essential to a valid transfer of the certificate in question. Furthermore, "An act to make uniform the law of transfer of shares of stock in corporations" (Pamph. L 1916,p. 398), provides (section 1) "title to a certificate and to the shares represented thereby can be transferred only:
"(a) By delivery of the certificate endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby, or
"(b) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person."
As stated in Besson v. Stevens, supra (at p. 563), "the statute does not expressly so state, but the necessary implication, of course, is that the delivery shall be made to the transferee or the transferee's agent in that behalf." See, also, *Page 52 Pattberg v. Gott, 102 N.J. Eq. 371, 378, 379. And section 22 of the said act provides: "`Delivery' means voluntary transfer of possession from one person to another;" "`transfer' means transfer of legal title;'" "`title' means legal title and does not include a merely equitable or beneficial ownership or interest." I will advise a decree dismissing complainant's bill.